IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**FC MEYER PACKAGING, LLC**                                                      **PLAINTIFF**

**V.**                                            **CIVIL ACTION NO. 2:16-CV-80-KS-MTP**

**CONVERTING ALTERNATIVES**
**INTERNATIONAL, LLC**                                                            **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **denies** Plaintiff's Motion to Dismiss [18] Defendant's counterclaim.

### I. BACKGROUND

Plaintiff, a Connecticut corporation, owns a carton printing and packaging plant in Quitman, Mississippi. Defendant, a Michigan corporation, installs and services printer and cutter equipment. Plaintiff claims that it hired Defendant to inspect an outdated printer/cutter machine in Minnesota to determine whether it could be refurbished and modified for Plaintiff's use at its Mississippi plant. Relying on Defendant's advice, Plaintiff purchased the machine and hired Defendant to modify and install it. However, Defendant was purportedly unable to get the machine running at the rate specified in Plaintiff's initial inspection request.

Plaintiff claims to have paid Defendant approximately $600,000 throughout the course of this transaction. Additionally, it believes that Defendant placed an electronic device on the machine which renders it inoperable. Therefore, Plaintiff filed this lawsuit against Defendant, asserting the following claims: breach of express warranty, breach of implied warranty of merchantability and fitness for a particular purpose,

negligence, gross negligence, and breach of contract. Plaintiff seeks compensatory damages of approximately $750,000 and an injunction barring Defendant from interfering with the operation of the machine.

Defendant denies most of these allegations. It asserted its own breach of contract counterclaim against Plaintiff, alleging that $49,450.99 remains due for services rendered in the installation of the machine. Plaintiff filed a Motion to Dismiss [18] the counterclaim, which the Court now considers.

## II. DISCUSSION

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted). "To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id.* But the Court will not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* Likewise, "a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). When considering a Rule 12(b)(6) motion, the Court may also consider documents referred to in the operative

pleading and central to the plaintiff's claims. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

Plaintiff argues that Mississippi's "door-closing" statute bars Defendant from asserting its counterclaim in this Court. The statute provides, in pertinent part: "[A] foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority." MISS. CODE ANN. § 79-4-15.02. Therefore, "a foreign corporation without a certificate of authority can not maintain an action in Mississippi if they are also transacting business in Mississippi," but "[i]f they are not so transacting business, a certificate of authority is not required in order to maintain an action." *Miss. Ins. Guar. Ass'n v. Harkins & Co.*, 652 So. 2d 732, 737 (Miss. 1995). The following activities do not constitute "transacting business" within the meaning of the statute: "[m]aintaining, defending or settling any proceeding;" "[c]onducting an isolated transaction that is completed within thirty (30) days and that is not one in the course of repeated transactions of a like nature;" and "[t]ransacting business in interstate commerce." MISS. CODE ANN. §§ 79-4-15-01(b)(1), (10)-(11).

In response to Plaintiff's motion, Defendant submitted an uncontroverted affidavit from its President, Thomas Williams [25-1]. Therein, Williams declared that Defendant "does not regularly conduct business in the State of Mississippi," and that the transaction which is the subject of this case "was an isolated transaction that [Defendant] performed principally in the State of Michigan and, on a limited basis, in the State of Mississippi. [Defendant] anticipated that the installation and startup of

3

the machine at issue . . . would take far less than thirty (30) days and it was not one in the course of repeated transactions of a like nature." Williams further declared that Defendant "was not conducting any business in the State of Mississippi" at the time Plaintiff filed its Amended Complaint, at the time it filed its own Counterclaim, or at any time since. Plaintiff did not file a reply and, therefore, has not disputed any of these assertions. Moreover, Plaintiff made no attempt to demonstrate that the single transaction which led to this proceeding constitutes "transacting business" within the meaning of MISS. CODE ANN. §§ 79-4-15.01, 79-4-15.02.

The Court is "granted some amount of discretion" when applying the "door closing" statute. *Harkins*, 652 So. 2d at 737. In the Court's opinion, Defendant's activity in Mississippi falls within the "interstate commerce" exception cited above and, therefore, did not constitute "transacting business" within the meaning of the statute. *See* MISS. CODE ANN. §§ 79-4-15-01(b)(11). "It is well settled that a state cannot require a foreign corporation to obtain a certificate to do business if that corporation is engaged solely in interstate sales." *Barbee v. United Dollar Stores, Inc.*, 337 So. 2d 1277, 1279 (Miss. 1976). The record contains no evidence that Defendant has conducted any business in Mississippi other than the transaction which is the subject of this suit. The facts of the subject transaction – corporations from Connecticut and Michigan contracted to purchase a machine from Minnesota and install it in Mississippi – are not sufficiently intrastate to require a certificate of authority. *Id.* (citing *Allenberg Cotton Co., Inc. v. Pittman*, 419 U.S. 20, 95 S. Ct. 260, 42 L. Ed. 2d 195 (1974)); *see also Fred Hale Machinery, Inc. v. Laurel Hill Lumber Co.*, 483 F.2d 58, 60 (5th Cir. 1973).

Accordingly, Defendant is not barred from maintaining its counterclaim. *Harkins*, 652 So. 2d at 737.

### III. CONCLUSION

For these reasons, the Court **denies** Plaintiff's Motion to Dismiss [18] Defendant's counterclaim.

SO ORDERED AND ADJUDGED, on this, the 18th day of November, 2016.

                         *s/Keith Starrett*
                         UNITED STATES DISTRICT JUDGE