in Michigan. This factor weighs in favor of Defendant. Moreover, while discovery disputes have arisen in this case as evidenced by the current motion, the Court does not construe these disputes to be especially significant, nor does the court anticipate significant disputes arising during the deposition. This factor weighs in favor of the Defendant. Finally, Plaintiff has not persuaded the Court that equity favors a deposition site in Mississippi as opposed to Michigan.

Balancing the above factors, the Court finds that Plaintiff has not established that the deposition should be taken in Mississippi. Thus, the Rule 30(b)(6) deposition of CAI shall be taken in Michigan.

## Conclusion

IT IS, THEREFORE, ORDERED:

1. The Motion [40] to Compel Discovery Responses and Certain Depositions filed by Plaintiff is GRANTED IN PART and DENIED IN PART, as set forth below;

2. Defendant shall provide a response to Interrogatories No. 15 and 16 by providing the identity of the individual(s) who installed and inserted the electronic device into the machine including the name, address and occupation of the individual(s) involved. Further, Defendant shall provide the date the device was installed.

3. Plaintiff's request that it be allowed to take the depositions of Marshall Williams and Dave Johnson telephonically is GRANTED as unopposed.

4. Plaintiff's request that it take the 30(b)(6) deposition of Defendant in Mississippi is DENIED. The deposition shall take place in Michigan.

5. All other relief requested in the motion, including any request for fees, is DENIED.

SO ORDERED this the 27th day of February, 2017.

s/ Michael T. Parker  
United States Magistrate Judge