## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**FC MEYER PACKAGING, LLC,**
**a Connecticut Limited Liability Company**                                      **PLAINTIFF**

**V.**                                                        **CIVIL ACTION NO. 2:16-CV80-KS-MTP**

**CONVERTING ALTERNATIVES**
**INTERNATIONAL, LLC, a Michigan**
**Limited Liability Company**                                                    **DEFENDANT**

## ORDER

THIS MATTER is before the Court on the Motion [40] to Compel Discovery Responses
and Certain Depositions filed by Plaintiff FC Meyer Packaging, LLC. The Court having
carefully considered the motion, the submissions of the parties, and the applicable law, finds that
the Motion [40] should be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Plaintiff, a Connecticut corporation, owns a carton printing and packaging plant in
Quitman, Mississippi. Defendant, a Michigan corporation, installs and services printer and cutter
equipment. Plaintiff claims that it hired Defendant to inspect an outdated printer/cutter machine
in Minnesota to determine whether it could be refurbished and modified for Plaintiff's use at its
Mississippi plant. Relying on Defendant's advice, Plaintiff purchased the machine and hired
Defendant to modify and install it. Defendant was purportedly unable to get the machine running
at the rate specified in Plaintiff's initial inspection request.

Plaintiff claims to have paid Defendant approximately $600,000 throughout the course of
this transaction. Additionally, it believes that Defendant placed an electronic device on the
machine which renders it inoperable. Therefore, Plaintiff filed this lawsuit against Defendant,

1

asserting the following claims: breach of express warranty, breach of implied warranty of merchantability and fitness for a particular purpose, negligence, gross negligence, and breach of contract. Plaintiff seeks compensatory damages of approximately $750,000 and an injunction barring Defendant from interfering with the operation of the machine.

Plaintiff filed the instant Motion [40] on February 1, 2017, requesting an order from this Court (1) directing Defendant to admit certain factual allegations made in the First Amended Complaint and the written discovery (Interrogatories and Requests for Admission) which were propounded to Defendant, (2) compelling CAI to have its 30(b)(6) deposition taken in the State of Mississippi, instead of Michigan, (3) compelling Marshall Williams and Dave Johnson to have their depositions taken telephonically, (4) compelling Defendant to provide more complete and detailed Responses to the written interrogatories which were propounded to Defendant, and (5) compelling Defendant to bear the full cost of such production and the fees associated with the filing of this Motion. *See* Motion to Compel [40].

## ANALYSIS

### Discovery Requests

Federal Rule of Civil Procedure 26(b)(1) defines the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). "It is

well established that the scope of discovery is within the sound discretion of the trial court."

*Freeman v. United States*, 556 F. 3d 326, 341 (5th Cir. 2009).

Plaintiff requests that the Court deem admitted Requests for Admission Nos. 15, 16, and

17. Below are the requests for admissions and Defendant's answers:

> REQUEST FOR ADMISSION NO. 15: Please admit that CAI, or its agents, employees or representatives, without any authority whatsoever, installed and inserted an electronic device to halt operations of the computer governed device which controls the overall operation of the Boelter machine.
>
> **Response:** Denied
>
> REQUEST FOR ADMISSION NO. 16: Please admit that the electronic device which was inserted into the Boelter machine, when activated by CAI, would render the Boelter machine inoperable.
>
> **Response:** Denied
>
> REQUEST FOR ADMISSION NO. 17: Please admit that the installation of this electronic device into Plaintiff's Boelter machine amounts to computer tampering and is in direct violation of the law.
>
> **Response:** Denied

Plaintiff argues that Defendant though its conduct has admitted that it inserted and

installed such "highjacking software" onto the machine. *See* Memorandum in Support [41] at

2-3. As proof, Plaintiff submits an email in which it asks defense counsel to provide an override

code to software on the machine and defense counsel was able to provide such a code. *See*

[40-10].

Defense Counsel sent Plaintiff a letter with an explanation of the denial of these

admissions on January 17, 2017. Explaining that Defendant "CAI denies that it did anything

relating to the Boelter machine 'without any authority whatsoever' and disputes any implication

about CAI needing authorization from FC Meyer to protect CAI's interests by requiring a

registration code for the continued operation of a machine. CAI further states that it provided the

registration code to FC Meyer." *See* [44-4] at 4-5 "CAI also states that it disputes that any

actions it took relating to this mater were 'in direct violation of the law.' CAI further disputes the

statement in this Request that the machine at issue is 'Plaintiff's Boelter machine' since FC

Meyer has not paid CAI for the machine." *Id.* at 4-5

Defendant claims that it denied these admissions because it denies that its actions were

taken "without any authority whatsoever" and were "in direct violation of the law," or that the

Machine belongs to Plaintiff as it claims Plaintiff has not paid for it.

The Court will not force Defendant to admit that it put a device on the machine "without

any authority whatsoever" "in direct violation of the law" or that when "activated" by defendant

would render the machine inoperable.   It is Plaintiff's burden to prove these allegations, which

in large part, are argumentative in nature.   As such, the Plaintiff's request that these Requests

for Admissions be deemed admitted is denied.

Related to these admissions, Plaintiff claims that Defendant's responses to Interrogatories

Nos. 15 and 16 are insufficient. The interrogatories and Defendant's response is as follows:

> INTERROGATORY NO. 15: Please provide the identity of the individual(s) that
> installed and inserted the electronic device into the Boelter machine, which if activated
> by CAI, would render the Boelter machine inoperable including the name, address and
> occupation of the individual(s) involved.
>
> **Response:** CAI objects to Interrogatory No. 15 on the grounds that neither CAI nor
> anyone acting on behalf of CAI "installed and inserted [an] electronic device into the
> Boelter machine, which if activated by CAI, would render the Boelter machine
> inoperable." Subject to that objection, it is CAI's standard practice, and CAI believes the
> practice of others in the converting industry, to include a shutdown function through
> software on machines that it supplies to customers to ensure that customers pay for the
> services provided by CAI. The shutdown function will disable the machine after a certain
> amount of operating time unless a registration code is entered into the Register Settings
> on the machine. CAI does not activate anything to cause a shutdown; the function needs

to be deactivated to ensure continued operation of the machine. CAI provided FC Meyer with the registration code for the Boelter machine at issue.

INTERROGATORY NO. 16: Please provide the date in which the individual(s) described in your Response to Interrogatory No. 15 installed and inserted the electronic device into the Boelter machine, which if activated by CAI, would render the Boelter machine inoperable.

**Response:** See response to Interrogatory No. 15.

The individual(s) who installed the device including their name, address and occupation along with when the device was installed may lead to relevant evidence on whether there was authority for Defendant to install the device or whether or not Defendant can "activate it." Defendant readily admits in its response to the integratory that it installs these devices as a matter of course – but denies it can "activate it" or it installed it without the "authority of law." As such, the Court will compel Defendant to provide this additional information in response to these interrogatories. That potion of the motion is granted.

Plaintiff also requests the Court compel responses to Interrogatories 18 and 19 and Document Request No. 15. These interrogatories request that Defendant provide in writing the source code for two components installed by Defendant on the machine and Document Request No. 15 requests that CAI produce the software used to program a controller on the machine. *See* [44-8] at 2.

Defendant in its response objected to providing this information claiming it is not relevant nor likely to lead to admissible evidence. *See* [45] at 4.   Plaintiff has not filed a rebuttal to Defendant's memorandum, and did not provide the Court with any reasoning or argument why these source codes and the program are relevant to the litigation, or why they may lead to

admissible evidence.[1]  As Plaintiff has not met its burden showing that this information should be

provided, this portion of the motion will be denied.

## Depositions

### Depositions of Marshall Williams and Dave Johnson

Plaintiff requests that it be allowed to take the depositions of Marshall Williams and

Dave Johnson telephonically. Defendant does not oppose this request and, as such, this portion

of the motion will be granted.

### Location of Rule 30(b)(6) Deposition

Plaintiff requests that they be permitted to take the 30(b)(6) deposition of CAI in

Mississippi instead of its principal place of Business in Michigan.   "It is well settled that '[t]he

deposition of a corporation by its agents and officers should ordinarily be taken at its principal

place of business,' especially when, as in this case, the corporation is the defendant." *Salter v.*

*Upjohn Co.*, 593 F.2d 649, 651 (5th Cir. 1979) (quoting 8 C.Wright & A.Miller, Federal Practice

& Procedure s 2112 at 410 (1970)). A party may overcome the presumption, however, by

showing that peculiar circumstances justify conducting the deposition at a location other than the

corporation's principal place of business. *See id.*, 593 F.2d at 652 (noting that the deposing party

failed to show "peculiar circumstances" to rebut the presumption); *see also Chris–Craft Indust.*

*Prod., Inc.*, 184 F.R.D. at 607 (noting that the corporation's objection to a deposition elsewhere

should be sustained unless there are "unusual circumstances"); *accord Zuckert v. Berkliff Corp.*,

96 F.R.D. 161, 162 (N.D.Ill.1982) (same) (citing *Salter*, 593 F.2d at 652).

---

[1] The undersigned can surmise that the codes and program may be of some use or benefit to the Plaintiff. It is not clear, however, why the codes or program are needed from a litigation standpoint.

In *Resolution Trust Corp.*, a court in this circuit enumerated five factors for consideration when determining whether sufficient circumstances had been shown to overcome the presumption:

1. Counsel for the parties are located in the forum district;

2. The deposing party is seeking to depose only one corporate representative;

3. The corporation chose a corporate representative that resides outside the location of the principal place of business and the forum district;

4. Significant discovery disputes may arise and there is an anticipated necessity of the resolution by the forum court; and

5. The claim's nature and the parties' relationship is such that "an appropriate adjustment of the equities favors a deposition site in the forum district."

*Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp.,* 147 F.R.D. 125, 127

(N.D.Tex.1992)(quoting *Turner v. Prudential Ins. Co. of Am.*, 119 F.R.D. 381, 383–84

(M.D.N.C. 1988). The court concluded that it "must ultimately consider each case on its own

facts and the equities of the particular situation." *Id.*; *see also Tailift USA, Inc. v. Tailift Co.*,

2004 WL 722244, at *2 (N.D. Tex. Mar. 26, 2004).

Here, Plaintiff has not overcome the presumption, and CAI's 30(b)(6) deposition must be taken in Michigan. While Defendant does have counsel in the forum state, the Court notes that lead counsel for Defendant is located in Michigan.[2] As Defendant's lead counsel who will attend the deposition is located in Michigan this factor weighs in Defendant's favor. As the deposing party is seeking to depose only one corporate representative, this factor weighs in favor of the Plaintiff. Next, Defendant did not chose a corporate representative who resides outside of the location its principal place of business, Michigan, as Tom Williams – the representative – resides

---

[2] This factor has little weight in this district as our local rules require the parties to have local counsel. *See* L.U.Civ.R. 83.1.

7

in Michigan. This factor weighs in favor of Defendant. Moreover, while discovery disputes have arisen in this case as evidenced by the current motion, the Court does not construe these disputes to be especially significant, nor does the court anticipate significant disputes arising during the deposition. This factor weighs in favor of the Defendant. Finally, Plaintiff has not persuaded the Court that equity favors a deposition site in Mississippi as opposed to Michigan.

Balancing the above factors, the Court finds that Plaintiff has not established that the deposition should be taken in Mississippi. Thus, the Rule 30(b)(6) deposition of CAI shall be taken in Michigan.

## Conclusion

IT IS, THEREFORE, ORDERED:

1.   The Motion [40] to Compel Discovery Responses and Certain Depositions filed by Plaintiff is GRANTED IN PART and DENIED IN PART, as set forth below;

2.   Defendant shall provide a response to Interrogatories No. 15 and 16 by providing the identity of the individual(s) who installed and inserted the electronic device into the machine including the name, address and occupation of the individual(s) involved. Further, Defendant shall provide the date the device was installed.

3.   Plaintiff's request that it be allowed to take the depositions of Marshall Williams and Dave Johnson telephonically is GRANTED as unopposed.

4.   Plaintiff's request that it take the 30(b)(6) deposition of Defendant in Mississippi is DENIED. The deposition shall take place in Michigan.

5.   All other relief requested in the motion, including any request for fees, is DENIED.

SO ORDERED this the 27th day of February, 2017.

s/ Michael T. Parker
United States Magistrate Judge