**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**FC MEYER PACKAGING, LLC,**
**a Connecticut Limited Liability Company**                                            **PLAINTIFF**

**V.**                                                            **CIVIL ACTION NO. 2:16-CV80-KS-MTP**

**CONVERTING ALTERNATIVES**
**INTERNATIONAL, LLC, a Michigan**
**Limited Liability Company**                                                           **DEFENDANT**

## ORDER

THIS MATTER is before the Court on the Motion [56] to Strike the Notice of Service of

Designation of Experts filed by Plaintiff FC Meyer Packaging, LLC. The Court having carefully

considered the motion, the submissions of the parties, and the applicable law, finds that the Motion

[56] should be DENIED, but that both parties should supplement their expert designations.

## BACKGROUND

Plaintiff, a Connecticut corporation, owns a carton printing and packaging plant in

Quitman, Mississippi. Defendant, a Michigan corporation, installs and services printer and cutter

equipment. Plaintiff claims that it hired Defendant to inspect an outdated printer/cutter machine

in Minnesota to determine whether it could be refurbished and modified for Plaintiff's use at its

Mississippi plant. Relying on Defendant's advice, Plaintiff purchased the machine and hired

Defendant to modify and install it. Defendant was purportedly unable to get the machine running

at the rate specified in Plaintiff's initial inspection request.

Plaintiff claims to have paid Defendant approximately $600,000 throughout the course of

this transaction. Additionally, it believes that Defendant placed an electronic device on the

machine which renders it inoperable. Therefore, Plaintiff filed this lawsuit asserting the

following claims: breach of express warranty, breach of implied warranty of merchantability and

fitness for a particular purpose, negligence, gross negligence, and breach of contract. Plaintiff

seeks compensatory damages of approximately $750,000 and an injunction barring Defendant

from interfering with the operation of the machine.

## Analysis

In the instant motion, Plaintiff asks the Court to strike the Defendant's expert designation

as it did not include "any written expert report which is required under Fed. R. Civ. P. 26" and

that "Defendant only list[ed] [] designated individuals as experts, and [did] not provide

meaningful information whatsoever as to which of the designated persons will opine on which

subject matter or set of facts." *See* Motion [56] at 2. As alternative relief, in its rebuttal, Plaintiff

requests that Defendant be required to supplement with more information. *See* [71] at 3.   In

response Defendant argues that the experts Plaintiff wishes to strike are 26(a)(2)(C) witnesses,

and are not the type of experts that require a written expert report, just a disclosure.

Federal Rule of Civil Procedure 26(a)(2) (emphasis added) provides:

Disclosure of Expert Testimony.

> (A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.

> (B) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report-- prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. . . .

> **(C) Witnesses Who Do Not Provide a Written Report. Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:**
> > **(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and**

**(ii) a summary of the facts and opinions to which the witness is expected to testify.[1]**

The five expert witnesses disclosed by CAI (Tom Williams, Marshall Williams, David Johnson, Tom Huggins and Jerry Surprise) are all individuals who worked on the project at issue and whom CAI expects will be fact witnesses at trial.

The CAI disclosures states that:

> Each of the above witnesses may be called upon to testify at trial and their testimony may include opinions based upon specialized knowledge and opinions arrived at as a result of inspection of and/or work on the Boelter machine at issue, including the addition of certain hardware and software to machine associated with the project. Their expertise lies in the following areas: refurbishment, customization, relocation, installation and operation of industrial machines used in the converting business, including the Boelter machine at issue. CAI expects they will testify in accordance with their deposition testimony, if any. It is anticipated that their testimony will be consistent with their records and documentation evidence, if any.

*See* [69-1].

Defendant submits that its disclosure of these types of experts was strikingly similar to Plaintiff's disclosure – as Defendant modeled its disclosure off Plaintiff's disclosure. Despite the similarities with its own expert disclosures Plaintiff still insists Defendant's designation is deficient. *See* Rebuttal [71] at 1. Plaintiff's disclosure is as follows:

Other repair experts

> Since the Boelter machine did not function as specified in the subject purchase orders, FC Meyer used various experts to inspect and attempt to repair the machine or cure the issues. Repair experts for FC Meyer, including Ken Deneka,

---

[1] *See also* L.U.CIV.R. 26(a)(2)(D) which provides:
> A party must designate physicians and other witnesses who are not retained or specially employed to provide expert testimony but are expected to be called to offer expert opinions at trial. No written report is required from such witnesses, but the party must disclose the subject matter on which the witness is expected to present evidence under FED.R.EVID. 702, 703 or 705, and a summary of the facts and opinions to which the witness is expected to testify. The party must also supplement initial disclosures.

> Herman Greenstreet, Charlie Mattson and Ricardo Cameron, among others, may be called to present evidence which falls under Rules 702, 703 and 705 of the Federal Rules of Evidence. FC Meyer expects the information the repair experts may present at trial may include opinions based upon specialized knowledge and opinions arrived at as a result of their inspection and work on the Boelter machine. FC Meyer expects they will testify in accordance with their deposition testimony, if any. It is anticipated that the testimony of these repair experts will be consistent with their records and documentation evidence, if any.

*See* [69-2] at 4.

If Defendant's disclosure was deficient, as Plaintiff argues, then by extension its own disclosure is also deficient. The Court acknowledges that it was unclear initially from Defendant's disclosure that the experts were of the 26(a)(2)(C) variety. However, it appears this problem might have been solved with professional communication among the attorneys in *lieu* of filing a motion.

The Court's review of the both parties designations "leads to the [] conclusion that the expert disclosure requirements of Fed.R.Civ.P. 26(a)(2)(C) and Local Rule 26(a)(2)(D) apply" to these witnesses. *Gerald v. Univ. of S. Mississippi*, No. 2:12CV147-KS-MTP, 2013 WL 5592454, at *4 (S.D. Miss. Oct. 10, 2013) (deciding not to strike 26(a)(2)(C) expert witness). Both Parties have designated 26(a)(2)(C) expert witnesses that are not "retained or specially employed to provide expert testimony in the case or ... whose duties as the party's employee regularly involve giving expert testimony." *See Downey v. Bob's Disc. Furniture Holdings, Inc.*, 633 F.3d 1, 6 (1st Cir. 2011) (holding that a witness was properly designated as a 26(a)(2)(C) witness where "his opinion testimony arises not from his enlistment as an expert but, rather, from his ground-level involvement in the events giving rise to the litigation"); *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 826 (9th Cir. 2011) (holding that a treating physician does not have to produce an expert report "to the extent that his opinions were formed during the course of treatment").

4

The Court finds both Plaintiff and Defendant's expert disclosures to be deficient and that both parties must supplement.[2] Neither party was specific in delineating "the subject matter on which on which [each witness] is expected to present evidence, and [both parties failed to] provide a summary of the facts and opinions to which he is expected to testify in accordance with Fed.R.Civ.P. 26(a)(2)(C) and Local Rule 26(a)(2)(D)." *Gerald*, 2013 WL 5592454, at *4 (S.D. Miss.)

    IT IS, THEREFORE, ORDERED THAT:

1. The Motion [56] Strike the Notice of Service of Designation of Experts is DENIED.

2. CAI shall supplement the designations for Tom Williams, Marshall Williams, David Johnson, Tom Huggins and Jerry Surprise. CAI shall state separately and specifically for each individual (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which each witness is expected to testify.

3. FC Meyer Packaging, LLC shall supplement the designations for Ken Deneka, Herman Greenstreet, Charlie Mattson and Ricardo Cameron. FC Meyer shall state separately and specifically for each individual (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which each witness is expected to testify.

4. The Deadline for supplementing the designations for the above listed individuals is March 31, 2017.

SO ORDERED, THIS the 21st day of March, 2017.

                         s/ Michael T. Parker
                         United States Magistrate Judge

---

[2] The Court considered (1) the importance of the witnesses' testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by a continuance; and (4) the explanation, if any, for the party's failure to comply with the discovery order in determining that the witnesses should not be struck. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996); *see also Reliance Ins. Co. v. Louisiana Land and Exploration Co.*, 110 F.3d 253, 257 (5th Cir. 1997) (*citing Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990)). As both parties' designations are deficient neither is prejudiced by allowing the other to supplement.